**DISTRICT OF OREGON**
**F I L E D**
**February 17, 2015**
**Clerk, U.S. Bankruptcy Court**

Below is an Order of the Court.

_____
RANDALL L. DUNN
U.S. Bankruptcy Judge

**FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| In Re: | ) Bankruptcy Case |
| | ) No. 09-40830-rld7 |
| JOHN SCOTT AND JACQUELINE RUTH MAZZUCA, | ) |
| | ) |
| Debtors. | ) MEMORANDUM OPINION |

On December 15, 2014, the debtors, John Scott and Jacqueline Mazzuca (collectively, "the Mazzucas"), filed a total of eight motions to avoid judicial liens pursuant to 11 U.S.C. § 522(f) (collectively, "Lien Avoidance Motions").[1] The Mazzucas filed one motion to avoid the judicial lien of Wells Fargo Bank, N.A. ("Wells Fargo") against their residence located at 10671 SW Clear St., Tualatin, OR ("Residence Lien Avoidance Motion")(docket #70). The Mazzucas filed the remaining seven motions to avoid liens (docket #69, #71, #72, #73, #74, #75 and #76)

---

[1] Unless otherwise indicated, all chapter and section references are to the federal Bankruptcy Code, 11 U.S.C. §§ 101-1532; all "Rule" references are to the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. The Federal Rules of Civil Procedure are referred to as "Civil Rules."

Page 1 - MEMORANDUM OPINION

against rental real properties (collectively, "Rental Property Lien Avoidance Motions") located in Sherwood, OR, Tigard, OR, Milwaukie, OR and/or Tualatin, OR. Of these seven motions, one motion was to avoid the judicial lien of Golf Savings Bank ("Golf Savings"),[2] and the remaining six motions were to avoid judicial liens of Wells Fargo.

On January 20, 2015, I held a hearing on the Lien Avoidance Motions. Following the hearing, I again reviewed the Lien Avoidance Motions and all supporting documents. I also have taken judicial notice of all relevant entries on the docket of the Mazzucas' chapter 7 case for the purpose of ascertaining facts not reasonably in dispute. Federal Rule of Evidence 201; In re Butts, 350 B.R. 12, 14 n.1 (Bankr. E.D. Pa. 2006). In addition I have reviewed relevant legal authorities.

Based on that consideration and review, I will grant the Residence Lien Avoidance Motion but deny the Rental Property Lien Avoidance Motions with prejudice for the reasons stated on the record at the hearing and in this Memorandum Opinion. Following are my findings of fact and conclusions of law under Civil Rule 52(a), applicable with respect to this contested matter under Rules 7052 and 9014.

I. Relevant Facts

The Mazzucas filed their chapter 7 bankruptcy petition on December 29, 2009. They filed their schedules and statement of financial

---

[2] According to the Mazzucas, Golf Savings merged with Sterling Savings Bank on August 2, 2010. See docket #69 and #76. Sterling Savings Bank merged with Umpqua Bank on April 18, 2014. See id.

Page 2 - MEMORANDUM OPINION

affairs on January 12, 2010 (docket #13).  In their Schedule A and Schedule D, the Mazzucas listed their residence with a fair market value ("FMV") of $535,000.  They listed two secured claims against their residence, one held by Bank of America ("BOA") in the amount of $463,000, and the other held by Chase Bank ("Chase") in the amount of $150,000.  In their original Schedule C, the Mazzucas claimed a $50,000 exemption in their residence under O.R.S. §§ 18.395 and 18.402 ("homestead exemption").

The Mazzucas also listed in their Schedule A and Schedule D the following rental real properties:[3]

| Address | FMV | Secured claim(s) |
|---|---|---|
| 5225 SE Hill Road, Milwaukie, OR | $230,000 | 1) BOA: $211,000<br>2) GMAC Mortgage: $25,106<br>3) Clackamas County Tax Assessor: $5,781 |
| 15760 SW Division St., Sherwood, OR | $520,000 | 1) BOA: $395,722<br>2) BOA: $51,900<br>3) Thomas Jacobs: $107,800<br>4) Washington County Tax Assessor: $6,857 |
| 14260 SW 164th Ave., Tigard, OR | $325,000 | 1) EMC Mortgage: $327,950<br>2) EMC Mortgage: $81,929 |
| 16157 SW 3rd St., Sherwood, OR | $430,000 | EMC Mortgage: $503,987 |

---

[3] In their Schedule A and the original and amended Schedule C, the Mazzucas describe one rental real property as "one-half of Tract 34 (land in Clackamas County)."  They later state the address for this rental real property as 6195 SE Jennings Ave., Milwaukie, OR, in their lien avoidance motion (docket #76).  The Mazzucas did not explain in their motion that this address belonged to the "one-half of Tract 34 (land in Clackamas County)."

Upon my initial review of the lien avoidance motion concerning this particular rental real property, I was under the impression that the Mazzucas had not included this rental real property in their original and amended schedules. Counsel for the Mazzucas explained the discrepancy in his subsequently filed letter dated January 20, 2015.

Page 3 - MEMORANDUM OPINION

| 14050 SW 164th Ave., Tigard, OR | $325,000 | 1) Wachovia: $345,000<br>2) Washington County Tax Assessor: $6,708 |
|---|---|---|
| 9295 SW Klamath Ct., Tualatin, OR | $225,000 | 1) BOA: $185,000<br>2) E-Trade: $81,700<br>3) Washington County Tax Assessor: $3,506 |
| ½ of Tract 34 (land in Clackamas County) | $200,000 | Golf Savings: $275,782 |

They did not claim any exemptions in any of the rental real properties in their original Schedule C.[4] The Mazzucas also did not list any judicial liens against any of the rental real properties in their Schedule D. They did not list Golf Savings in either their original Schedule F or their amended Schedule F (docket #32), though they did list Wells Fargo with several general unsecured claims in their original Schedule F (docket #13).

The Mazzucas received their discharge on April 20, 2010. Their chapter 7 case closed on April 15, 2011.

On December 1, 2014, the Mazzucas filed a motion to reopen their chapter 7 case ("Motion to Reopen")(docket #62) so that they could file the Lien Avoidance Motions. Two days later, an order was entered (docket #66) granting their Motion to Reopen.

On December 9, 2014, the Mazzucas filed an amended Schedule C (docket #68). In their amended Schedule C, they reasserted their homestead exemption. They also claimed an exemption of $5 under O.R.S.

---

[4] The Mazzucas also listed their residence and their rental real properties in their statement of intent. In their statement of intent, they disclosed their intent to reaffirm the debts on their residence and the rental real properties.

Page 4 - MEMORANDUM OPINION

§ 18.345(1)(o) as to each of the rental real properties. The Mazzucas did not specify as to whether they claimed the exemption under the 2009 version of O.R.S. § 18.345(1)(o), the year in which they filed for bankruptcy, or the 2013 version of O.R.S. § 18.345(1)(o), the most current version of the statute.[5]

On December 15, 2014, the Mazzucas filed their Lien Avoidance Motions.[6] They filed a lien avoidance motion as to their residence (docket #70) and a lien avoidance motion as to each of the rental real

---

[5] The 2009 version of O.R.S. § 18.345 provides, in relevant part:

> (1) All property . . . of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. The following property . . . shall be exempt from execution:
> . . .
> (o) The debtor's interest, not to exceed $400 in value, in any <u>personal property</u>. However, this exemption may not be used to increase the amount of any other exemptions. (Emphasis added.)

The 2013 version of O.R.S. § 18.345 (the most current version) provides, in relevant part:

> (1) All property . . . of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. The following property . . . shall be exempt from execution:
> . . .
> (o) The debtor's right to assets held in, or right to receive payments under, a medical savings account or health savings account authorized under section 220 or 223 of the Internal Revenue Code [IRC]."

[6] The Mazzucas did not provide the amounts of the judicial liens of Wells Fargo and Golf Savings in the Lien Avoidance Motions.

Page 5 - MEMORANDUM OPINION

properties (docket #69, #71, #72, #73, #74, #75 and #76).

In their Residence Lien Avoidance Motion, the Mazzucas asserted that their residence had a FMV of $535,000. They alleged that there was a total of $613,000 owed to the senior lienholders, Bank of America ($463,000) and Chase ($150,000). Based on the FMV of and the senior liens against their residence, the Mazzucas contended that Wells Fargo's judicial lien impaired their homestead exemption.

In all of the Rental Property Lien Avoidance Motions, the Mazzucas provided the FMV of the subject rental real property, as well as the amounts owed to the senior lienholder(s). See supra pp. 3-4. They asserted that the judgment lien(s) against the subject rental real properties impaired the exemptions they claimed under O.R.S. § 18.345(1)(o).

Given these circumstances, I scheduled and held a hearing on the Lien Avoidance Motions on January 20, 2015. At the outset of the hearing, I advised counsel for the Mazzucas that I would grant the Residence Lien Avoidance Motion on the ground that Wells Fargo's judicial lien impaired their homestead exemption, as there was no equity available in the residence based on its FMV and the amounts owed to the senior lienholders.

I informed counsel for the Mazzucas that I would deny the Rental Property Lien Avoidance Motions with prejudice, however. I pointed out that, in their original Schedule C, the Mazzucas had appropriately claimed exemptions under the 2009 version of O.R.S. § 18.345(1)(o) for certain personal property assets (e.g., accounts

Page 6 - MEMORANDUM OPINION

receivable).  But I noted that, in their amended Schedule C, the Mazzucas claimed $5 exemptions in each of the rental real properties under the same statute, O.R.S. § 18.345(1)(o).  I pointed out that the exemption under either the 2009 or the 2013 versions of O.R.S. § 18.345(1)(o) was inapplicable to the rental real properties because: 1) the exemption under the 2009 version of O.R.S. § 18.345(1)(o) applied to personal property only; and 2) the exemption under the 2013 version of O.R.S. § 18.345(1)(o) applied to a debtor's rights to assets held in or right to receive payments under a medical savings account or health savings account as authorized under §§ 220 or 223 of the IRC.

Counsel for the Mazzucas explained that, in the past, he had used O.R.S. § 18.345(1)(o) to claim exemptions for rental properties.  I stressed to him that the 2009 version of O.R.S. § 18.345(1)(o) cannot be used to exempt real property; by its terms, O.R.S. § 18.345(1)(o) can be used to exempt personal property only.  I informed counsel for the Mazzucas that I would issue an opinion to clarify this point – that it was not within the language of the 2009 version of O.R.S. § 18.345(1)(o) to apply the exemption to real property.

At his request, I gave counsel for the Mazzucas the opportunity to submit a supplemental brief in support of the Rental Property Lien Avoidance Motions.  Instead, he submitted a letter on January 20, 2015 ("Letter")(docket #79), explaining that he would not file a supplemental brief and that the Mazzucas did not object to an order denying their Rental Property Lien Avoidance Motions.  Counsel for the Mazzucas moreover admitted that he had used "what [was] clearly a personal

Page 7 - MEMORANDUM OPINION

property exemption, on real property" and had "[not] caught the limitation of the Oregon wildcard exemption to personal property."

II. Analysis

"When a debtor files a Chapter 7 bankruptcy petition, all of the debtor's assets become property of the bankruptcy estate [under] § 541, subject to the debtor's right to reclaim certain property as 'exempt' [under] § 522(l)." Schwab v. Reilly, 560 U.S. 770, 774 (2010). To assert this right, the debtor must file a list of property that he or she claims as exempt. Mwangi v. Wells Fargo Bank, N.A. (In re Mwangi), 764 F.3d 1168, 1173 (9th Cir. 2014). Section 522(b) allows a debtor to exempt property under either federal law or state law, though a state may opt out of the federal system of exemptions. Here, when the Mazzucas filed their chapter 7 bankruptcy petition in December 2009, Oregon had opted out of the federal system of exemptions. See O.R.S. § 18.300 (2009). Consequently, they could claim state law exemptions only.[7]

"It is well-established that the nature and extent of exemptions is determined as of the date that the bankruptcy petition is filed." Culver, LLC v. Chiu (In re Chiu), 266 B.R. 743, 751 (9th Cir. BAP 2001)(citations omitted). Moreover, "because lien avoidance is part and parcel of the exemption scheme, the right to avoid a judicial lien must also be determined as of the petition date." Id. (citations omitted). Because the Mazzucas filed their chapter 7 bankruptcy petition in December 2009, I must look to the 2009 version of O.R.S.

---

[7] Oregon has since changed O.R.S. § 18.300 to allow a debtor to claim exemptions either under federal law or state law, but not both. See O.R.S. § 18.300 (2013).

Page 8 - MEMORANDUM OPINION

§ 18.345(1)(o) in my analysis.

Under § 522(f)(1), a debtor may avoid a judicial lien if: "(1) there was a fixing of a lien on an interest of the debtor in property; (2) such lien impairs an exemption to which the debtor would have been entitled; and (3) such lien is a judicial lien." Estate of Catli v. Catli (In re Catli), 999 F.2d 1405, 1406 (9th Cir. 1993). The debtor bears the burden of demonstrating that he or she is entitled to avoid the judicial lien under § 522(f)(1). Id.

Here, the only issue before me is whether the Mazzucas are entitled to claim an exemption under O.R.S. § 18.345(1)(o) for their rental real properties. As I stated on the record at the hearing, given the plain language of O.R.S. § 18.345(1)(o), the Mazzucas cannot exempt the rental real properties under that statute as written.

"Where the statute's language is plain, the sole function of the courts is to enforce it according to its terms, for courts must presume that a legislature says in a statute what it means and means in a statute what it says there." In re Meruelo Maddux Props., Inc., 667 F.3d 1072, 1076 (9th Cir. 2012), quoting Int'l Ass'n of Machinists & Aerospace Workers v. BF Goodrich Aerospace Aerostructures Grp., 387 F.3d 1046, 1051 (9th Cir. 2004)(internal quotation marks omitted). As quoted earlier, the 2009 version of O.R.S. § 18.345 provides, in relevant part:

> (1) All property . . . of the judgment debtor, shall be liable to an execution, except as provided in this section and in other statutes granting exemptions from execution. The following property . . . shall be exempt from execution:
> . . .
> (o) The debtor's interest, not to exceed $400 in value, in any **personal property**. However, this exemption may not be used to increase the amount of any other exemptions.
> (Emphasis added.)

Page 9 - MEMORANDUM OPINION

The plain language of O.R.S. § 18.345(1)(o) <u>explicitly</u> provides that a debtor may claim an exemption for <u>personal property only</u>. This exemption cannot be applied to any other kinds of property, including rental real property, which the Mazzucas erroneously attempted to do here.

Although it is not applicable here, even the 2013 version of O.R.S. § 18.345(1)(o), i.e., O.R.S. § 18.345(1)(p), does not allow the Mazzucas to claim an exemption in the rental real properties. The 2013 version of Oregon's "wild card" exemption does not expand its exemption coverage.

Because the Mazzucas were not entitled to claim an exemption in the rental real properties under O.R.S. § 18.345(1)(o), they cannot avoid the judicial liens on the rental real properties. Accordingly, I deny their Rental Property Lien Avoidance Motions with prejudice. However, I will grant their Residence Lien Avoidance Motion for the reasons stated earlier. I will enter orders or have entered orders consistent with the conclusions reached in this Memorandum Opinion.

###

cc:      Todd Trierweiler
           John Scott Mazzuca
           Jacqueline Ruth Mazzuca
           Kenneth S. Eiler
           United States Trustee
           Wells Fargo Bank
           Golf Savings Bank